UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GUSTAVIA HOME, LLC,

Plaintiff,

-against-

MARK A. WHITE A/K/A MARK WHITE;
MARLYN FIONA WHITE; NEW YORK
STATE DEPARTMENT OF TAXATION
AND FINANCE; CRIMINAL COURT OF
THE CITY OF NEW YORK; CAPITAL ONE
BANK (USA), NA; ADVANTAGE ASSETS
II, INC.; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK
CITY PARKING VIOLATIONS BUREAU;
and JOHN DOE "1" through "12", said persons
or parties having or claimed to have a right,
title or interest in the Mortgaged premises
herein, their respective names are presently
unknown to the Plaintiff,



NOT FOR PUBLICATION
**ORDER**
16-CV-6926 (CBA) (RER)

Defendants.
------------------------------------------------------------x

**AMON, United States District Judge:**

Plaintiff Gustavia Home, LCC has moved for default judgment. (D.E. # 19.) The Court referred this motion to the Honorable Ramon E. Reyes, Jr., who thereafter submitted a Report and Recommendation ("R&R") in which he recommended that the Court grant Plaintiff's motion and (1) order the foreclosure and sale of 267 Dorset Street, Brooklyn, New York (the "Subject Property"), (2) appoint a referee, (3) enter a deficiency judgment against Mark A. White and Marlyn Fiona White equal to the difference between the current outstanding debt of $134,965.90 plus interest of $13.75 per day from February 22, 2017 to the sale date and the amount received at the foreclosure sale plus the reasonable costs and fees thereof, and (4) bar and foreclose New York

1

State Department of Taxation and Finance, Capital One Bank (USA), NA, and Advantage Assets II, Inc., from any and all rights in the Subject Property. (See D.E. # 20.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the well-reasoned R&R as the opinion of the Court. With respect to the appointment of a referee to conduct the foreclosure and sale of the Subject Property, the Court directs Plaintiff to submit a list of five prospective referees on or before January 10, 2018. Plaintiff shall also submit, by the same date, curriculum vitae demonstrating the prospective referees' qualifications for appointment as referee in this matter.

SO ORDERED.

Dated: December 13, 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge